JAMES M. DUNCAN and WILLIAM LINN, plaintiffs in error
*v.* THE PRESIDENT AND DIRECTORS OF THE STATE BANK
OF ILLINOIS, *et. al.* defendant in error.

*Error to Jackson.*

It is clearly erroneous to dismiss a bill filed against several, a part only of whom
  having been served with process, or entered their appearance, on motion of
  counsel for those who are served with process. A dismissal of a bill and a dis-
  solution of an injunction against parties who are not in Court, on motion of
  counsel for those only who have entered their appearance, is erroneous.
The statute exempts the old State Bank from the payment of costs; and persons
  who have acted merely ministerially for the bank, as agents, are not liable for
  costs.

THIS cause was disposed of in the Court below, at the May
term, 1834, the Hon. Thomas C. Browne presiding.

WALTER B. SCATES, for the plaintiffs in error.

J. SEMPLE, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:
The plaintiffs in error filed their bill in *equity,* and obtained
an injunction to restrain the defendants from collecting two
promissory notes given by them to the State Bank, for the sum
of $99,92 each, as a consideration for the purchase of 400 acres
of land bought by them of the defendants, under the provisions
of the laws of this State, which authorize the sale of lands pur-
chased of the debtors of the bank, by the president and directors
of the bank, by virtue of sales made under judgments against such
debtors. Such notes thus taken are made a lien on the real
property of the makers, and when they become due, execution is
required to be issued thereon, for the collection of the amount
due. The bill avers the issue and delivery to the sheriff of Fay-
ette county, of executions agreeably to the provisions of the law,
and that the sheriff is proceeding to the collection thereof. The
complainants further state that persons by the name of Kerr and
Bell obtained a judgment against one Matthew Duncan in 1820,
who it is alleged was then seized in fee of the premises, upon
which judgment an execution issued 10th of Nov. 1820, and was
continued down to 1829; that on the 3d of Feb. 1829, another
execution issued, upon which the land was sold on the 13th of
April, 1829, and was purchased by one Joseph Charless for Kerr
and Bell. It further charges that Matthew Duncan mortgaged
the premises to the State Bank on the 8th of January, 1822,
which mortgage was foreclosed, and judgment upon it for $270,
on the 11th day of May, 1825. Said premises were sold under
an execution upon said judgment on the 20th of September, 1828,

and purchased by the bank. That afterwards by virtue of the 4th section of an act entitled " *An act to amend an act supplemental to an act establishing the State Bank of Illinois, January* 10, 1825," approved January 23, 1829, the cashier of the Brownsville Branch Bank, proceeded to sell, and on the 16th of April, 1830, sold the said premises to the plaintiffs without the notice of Kerr and Bell's judgment and lien or Charless' purchase, and that the notes described in the bill were given for the purchase aforesaid. It further charges that Kerr and Bell are asserting their right under the purchase made by Charless for them. It appears from the record, that the service of the subpœnas was made on all the defendants but Charless and Kerr and Bell, who were non-residents, and as to whom an order of publication was taken. It further appears that the cause was continued for several terms, for want of service upon all of the defendants, and that at the term at which the bill was dismissed, and the injunction dissolved, the motion to dismiss the bill and dissolve the injunction, was made in the names of all the defendants, without the previous appearance of Charless and Kerr and Bell, who were non-residents, and against whom publication had been made, to appear and answer.

The order entered on the motion to dismiss the bill, is that a nonsuit be entered. This is untechnical, but still it might be supposed to be equivalent to a dismissal, because its effect is virtually the same,—but at the same time, the order dissolves the injunction, and so far, is formally correct. But it is clearly erroneous to dismiss a bill on the motion of counsel, for parties who had never entered their appearance in Court, or been brought into Court by process. The motion to dismiss and dissolve the injunction, appearing to have been made in the names of all the defendants collectively, and for want of the appearance of the plaintiffs who were called and did not appear, was erroneous, and for that cause the judgment is reversed, and remanded to the Circuit Court of Jackson county for further proceedings. No costs can be allowed, because the statute exempts the State Bank from costs, and the other defendants, who have appeared having acted merely ministerially for the bank as agents, are not liable for costs.

*Judgment reversed.*